**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DYTRELL JONES,**
**D.O.C. # M75660,**

    **Plaintiff,**

vs.                                                 **Case No. 4:20cv535-AW-MAF**

**MAJOR J. CARTER, et al.,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on November 13, 2020. ECF Nos. 1-2. Plaintiff was granted in forma pauperis status on November 16, 2020, and assessed an initial partial filing fee of $4.75. ECF No. 4. Plaintiff has now filed a motion requesting permission to proceed without payment of the assessed fee. ECF No. 14. Plaintiff has demonstrated that he had a zero balance in his inmate bank account throughout the month of December 2020. *Id.* at 4. Furthermore, review of Plaintiff's account statement submitted with his in forma pauperis motion reveals that although he regularly received funds in his account until July 2020, no additional deposits were made through the end of October 2020. ECF No.

2 at 5-6.  Furthermore, his account reached zero by October 1, 2020.  *Id.* at 6.  Thus, it does not appear that Plaintiff has intentionally depleted his account to avoid paying the assessed partial filing fee.  Accordingly, Plaintiff's request to proceed without payment of the previously assessed initial partial filing fee, ECF No. 14, is granted.

Having resolved that issue, it is now appropriate to review Plaintiff's complaint, ECF No. 1.  That review reveals that Plaintiff is incarcerated at Hamilton Correctional Institution, as are all named Defendants.  ECF No. 1 at 2-3.  Plaintiff's complaint challenges the conditions of his confinement at that institution.  *Id.* at 5-8.

Hamilton Correctional Institution is located in Jasper, Florida, which is within the jurisdiction of the Middle District of Florida.  Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue sua sponte.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257,

1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue").

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion requesting permission to proceed without payment of the assessed fee, ECF No. 14, is **GRANTED**.

2.  Plaintiff is not require to pay the assessed initial partial filing fee of $4.75.

## RECOMMENDATION

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the it is **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 15, 2021.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv535-AW-MAF

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv535-AW-MAF